IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS BOWIE, | § | |
| | § | |
| v. | § | NO.  A-06-CA-652 AWA |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: Plaintiff's Brief (Clerk's Doc. No. 11); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 20); and the Social Security Record filed in this case (Cited as "Tr."). Both parties have consented to have the Court adjudicate the claims. Plaintiff presents two issues for review: whether the ALJ's decision: (1) is based on substantial evidence in regard to the Plaintiff's ability to perform past relevant work; and (2) as to Plaintiff's credibility was properly assessed.

### I.  BACKGROUND

Plaintiff is a 57 year-old man with a high school level education. Before dropping out of the work force and applying for disability benefits, Plaintiff worked as jewelry salesman and as a salesman for a construction company that did remodeling work. Apparently, Plaintiff, when working for the construction company would spend most of his day "walking around" trying to generate leads for the company. In 2004, Plaintiff filed for benefits because of hypertension, vision problems, Bells Palsy, stomach problems, and anxiety.

## II.  ANALYSIS

The ALJ found that Plaintiff could perform his work as a door-to-door salesperson.  Plaintiff begins by arguing that the ALJ did not properly consider Plaintiff's impairments and whether he can perform his past relevant work.   Specifically, Plaintiff's contends that the ALJ did not take into account Plaintiff's professed fatigue, which impairs his ability to work because he needs to rest frequently when walking and he therefore has to work a reduced number of hours.

What this argument fails to take into account is that ALJ did factor in Plaintiff's fatigue in formulating his questions to the vocational expert (VE).  He based his hypothetical on a worker who could work only six hours in an eight hour day.  Plaintiff stated that he could walk around for a half-hour to an hour, then rest, then "get back up" to work again.  Tr. 115.  Furthermore, Plaintiff repeatedly testified at his hearing that he walks 1 to 1 ½ miles everyday (as directed by his doctor). *See e.g.*, Supp. Tr. 27-28; *see also Randall v. Sullivan*, 956 F.2d 105, 106 n.1 (5th Cir. 1992) (it is the ALJ's responsibility to assess and determine a plaintiff's residual function capacity); 20 C.F.R. § 404.1546.  All of this is accords with the ALJ's hypothetical. Additionally, the ALJ found that Plaintiff's hypertension was a serious impairment – the other health issues (Bells Palsy, stomach, problems, and anxiety) were all, by Plaintiff's admission, not serious[1] – but that it was controlled by the medication he was taking.  *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) (condition controlled by medication cannot serve as basis for finding of disability).  The record supports this finding as Plaintiff's blood pressure is now consistently at an acceptable rate.  Tr. 143-50.  In

---

[1] Plaintiff testified that his glasses would sometimes help with his "blurred vision" and that he told his doctor that they were "up to par" (although he did indicate that he needed a new pair) Tr. 12-13); that he could not remember which side of his face the Bells Palsy allegedly affected and that the doctor told him not to worry about it (Tr. 14); and that he no longer takes medication for his anxiety (Tr. 17).

addition, Plaintiff told his doctor – after he had applied for disability benefits – that he "feels good." Tr. 142. Furthermore, Plaintiff testified that he performs all his household duties (e.g., cooking, cleaning, errands, etc.) himself and finds time to visit his family and friends. Given all this, Plaintiff's argument is without merit.

Plaintiff next argues that the description of salesman in the Dictionary of Occupational Titles (DOT) the VE used to classify the contours of Plaintiff's past relevant work was incorrect and that it is "not at all clear" that Plaintiff was actually a door-to-door salesman. Therefore, he argues that the case should be remanded to clear up these issues.

As an initial matter (and as the Commissioner points out), Plaintiff cites to and relies on a different job description in the DOT than that relied on by the VE, and, moreover, the job description is in fact accurate.[2] Second, Plaintiff's argument that, in any event, it was wrong to rely on a job description of a door-to-door salesperson because it was not established that Plaintiff's previous job (for the construction company) in fact entailed being a door-to-door salesperson is belied by the evidence. As the Commissioner correctly notes, Plaintiff, in a work activity report, stated that he was a "salesperson." Tr. 81. In a disability report, Plaintiff described his work as sales where he would "walk all day . . . saleing [*sic*] remodeling business." Tr. 89. Even more saliently, Plaintiff, in his disability report appeal, stated he worked as a salesmen who would "walk around to get lead[s] for remodeling [business]." Tr. 114-15. Therefore, it seems eminently reasonable to the Court that the ALJ and the VE classified his work as a door-to-door salesperson. *See Villa v. Sullivan*, 895 F.2d

---

[2] Plaintiff cites to "Sales Agent, Business Services," Code No. 251.357-010, whereas the VE relied on "Sales Person, Door to Door," Code No. 291.357-010.

1019, 1023 (5th Cir. 1990) (it is an applicant's burden to prove an inability to perform former work). Therefore, Plaintiff's argument is rejected.

Plaintiff's final argument is that the ALJ's determination that Plaintiff was not credible was not based on the correct legal standard. Specifically, Plaintiff argues that the ALJ did not address the side effects of the medications, the frequency and duration of his symptoms, and he did not consider "other treatment or any other factors." *See* 20 C.F.R. § 416.929 (delineating credibility analysis). However, Plaintiff does not point to, nor can the Court find, where he complained of the side effects of the medication he is taking. It is not the ALJ's responsibility to raise and then defeat issues not raised by the Plaintiff. *Villa*, 895 F.2d at 1023 (it is an applicant's burden to prove an inability to perform former work). Moreover, the ALJ spent a significant amount of time stating the reasons why Plaintiff's subjective symptomology is not credible. Tr. 20-21. Therefore, the ALJ did fulfill his duties to base his determination on the substantial evidence and Plaintiff's argument is rejected.

## VII.  CONCLUSION

The Magistrate Court **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 13th day of April, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE